UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN HEAROD, | : | Case No. 1:17-cv-175 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| FIFTH THIRD BANK, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DECISION AND ENTRY
ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 75);
AND DENYING PLAINTIFF'S MOTIONS FOR AN EXTENSION (Doc. 76),
A CONTINUANCE (Doc. 77), LEAVE TO AMEND (Docs. 81 AND 82),
AND EXTENSION OF DISCOVERY (Doc. 83).**

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Stephanie K. Bowman. Magistrate Judge Bowman reviewed the pleadings filed with this Court and, on January 20, 2022, submitted a Report and Recommendation ("R&R"). (Doc. 75). Plaintiff filed untimely objections to the R&R on March 3, 2022. (Doc. 80). Defendant has not responded to Plaintiff's objections.

Also before the Court are a series of motions Plaintiff filed after Judge Bowman issued the R&R. These are: (1) a motion requesting an extension to Plaintiff's time to file her objections to the R&R (Doc. 76); (2) a motion to continue, which the Court construes as a second motion for an extension to Plaintiff's deadline to file her objections to the R&R (Doc. 77); (3) a motion to amend Plaintiff's response to the motion for summary judgment (Doc. 81); (4) a motion to amend Plaintiff's response to the proposed

undisputed facts supporting Defendant's motion for summary judgement (Doc. 82); and (5) an additional motion for an extension of time to object to the R&R (Doc. 83).

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. For reasons stated more fully below, the Court accepts Plaintiff's late-filed objections to the R&R (Doc. 80), denies as moot Plaintiff's motions for an extension (Docs. 76, 77, 83), denies Plaintiff's motions to supplement her opposition to summary judgment (Docs. 81, 82), and finds that the R&R should be and is hereby adopted in its entirety. This Order addresses Plaintiff's motions in the order she filed them.

## I. Background

This case is now more than five years old. On February 14, 2017, Plaintiff Kathleen Hearod filed her lawsuit in state court *pro se* alleging violations of Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, and the Family Medical Leave Act. (Doc. 1-1). Defendant Fifth Third Bank ("Fifth Third") timely removed to this Court. (Doc. 1). Consistent with this Court's General Order of Assignment and Reference, the case was assigned to Magistrate Judge Stephanie Bowman. (Doc. 7). On Plaintiff's motion for an extension, (Doc. 11) Judge Bowman granted Plaintiff an additional 21 days to comply with the requirements for the preliminary pretrial conference under Federal Rule of Civil Procedure 26(f). When Plaintiff failed to comply within the extended deadline, Judge Bowman ordered the parties to file their Rule 26(f) report (Doc. 12), and subsequently set a preliminary pretrial conference for September 8,

2017. (Doc. 14). The discovery deadline was set for April 1, 2018 (Doc. 15), and later moved, at Defendant's request, to June 1, 2018 (Doc. 16), with dispositive motions due July 1, 2018.

June first came and went. On October 26, 2019, at the parties' request, the Court entered an amended calendar order closing discovery on February 18, 2019. (Doc. 20). On February 19, 2019, Plaintiff requested an extension. (Doc. 24). On March 22, 2019, by Minute Entry, Judge Bowman granted an extension of the discovery deadline to July 15, 2019, with dispositive motions due August 30, 2019. Judge Bowman further ordered that Plaintiff's deposition take place on June 17, 2019. On April 9, 2019, by Minute Entry, following a status conference with Judge Bowman, Plaintiff's deposition was rescheduled to June 24, 2019. On July 11, 2019, by Minute Entry, after two conferences with the Court, Plaintiff's deposition was postponed again. Finally, on February 25, 2020, by Minute Entry, Judge Bowman "reopen[ed] discovery and extend[ed] deadlines one last time." The new discovery deadline was June 19, 2020, and Plaintiff's deposition was ordered to take place on April 1, 2020. For pandemic reasons, that deposition did not occur. On June 2, 2020, Judge Bowman ordered that Plaintiff's deposition should be held remotely by July 15, 2020. The deposition finally began on July 8, 2020, but, during the deposition, parties discovered that Plaintiff needed to produce additional documents. Judge Bowman ordered that the deposition should continue July 27, 2020. By July 30, 2020, the deposition had not continued. In a conference that day, Judge Bowman ordered the deposition completed by August 14, 2020, and, despite the Court's earlier admonition, all other discovery was held open until October 30, 2020. On November 9,

2020, Plaintiff filed a motion to continue discovery. (Doc. 49). Following a series of conferences in which Plaintiff was allowed to produce additional documents, that motion was denied as moot on June 14, 2021. (Doc. 69). Thus, more than *three and half years* after the parties' preliminary pretrial conference, discovery was, finally, closed. Even accounting for Plaintiff's *pro se* status and the COVID-19 pandemic, the length of time Plaintiff had to conduct discovery was generous.

Defendant filed its motion for summary judgement on March 8, 2021. (Doc. 61). Judge Bowman denied Plaintiff's motion for further discovery (Doc. 65, captioned as a "Motion to Submit Additional Evidence"), but granted Plaintiff an extension to respond to the motion for summary judgment. Plaintiff requested *another* extension to her deadline on May 11, 2021. (Doc. 68). Judge Bowman granted that request, giving Plaintiff until July 9, 2021 to respond to the motion, but cautioned "**that no further extensions of time w[ould] be granted regardless of the reason.**" Notation Order dated May 17, 2021 (emphasis in original). Plaintiff's response was timely. (Doc. 71). After receiving one extension, Defendant filed its reply on September 13, 2021. (Doc. 74). The Court recounts all of this to illustrate the extraordinary length of time Plaintiff had to seek and present her evidence (and to highlight Judge Bowman's supreme munificence in ushering this case to resolution).

On February 2, 2022, Plaintiff timely filed a motion to extend her time to object to the R&R. (Doc. 76). Defendant opposed the motion on February 22, 2022. (Doc. 79).

And on March 3, 2022, before the Court could resolve Plaintiff's motion for an extension, Plaintiff filed her objections to the R&R. (Doc. 80).[1]

## II. Analysis

### A. Plaintiff's late-filed objections to the R&R.

Federal Rule of Civil Procedure 6(b) governs motions for extensions to litigation deadlines. Under the rule, a Court "may, for good cause, extend the time" for filing if a party makes a request before the deadline has expired. Fed. R. Civ. P. 6(b)(1)(A). A court may also accept a late filing because of "excusable neglect." *Id.* at 6(b)(1)(B). Like "good cause," the excusable neglect "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Courts balance "danger of prejudice to the opposing party, the length of the delay, the reason for the delay, whether the delay was within the reasonable control of the moving party, and whether the movant acted in good faith." *Down v. Ann Arbor Pub. Sch.*, No. 20-2114, 2021 WL 5873166, at *5 (6th Cir. Dec. 13, 2021). Decisions to extend deadlines or accept late filings are comfortably within the district court's "broad discretion to manage its docket." *ACLU of Kentucky v. McCreary Cty., Ky.*, 607 F.3d 439, 451 (6th Cir. 2010); *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (decisions under Rule 6(b) reviewed for abuse of discretion).

---

[1] Plaintiff titles this document "Response to Report and Recommendations," but given that it identifies sections of the R&R and raises objections to its conclusions and findings, the Court construes Document 80 as Plaintiff's objections under Federal Rule of Civil Procedure 72(b)(2).

Here, Plaintiff's objections to the R&R were due February 3, 2022. One day before the deadline, however, Plaintiff requested an extension. Defendant timely opposed the request on February 22, 2022. Plaintiff was entitled to reply under Local Rule 7.2(a)(2), but instead filed her objections to the R&R on March 3, 2022, without waiting for the Court to grant the extension. Because Plaintiff filed her objections one month after her February 3 deadline, without the Court's leave, the Court treats the objections as a late filing under Rule 6(b)(1)(B). In her motion for an extension, Plaintiff claimed that she had suffered a traumatic brain injury and had surgery scheduled for January 31, 2022, and March 3, 2022. She described it as "highly unlikely" that she could submit her objections in time. (Doc. 76). Defendant's opposition expressed skepticism that Plaintiff's health issues were genuine, but the Court credits Plaintiff's representations. A traumatic brain injury and the possibility of surgery are "unique" and "extraordinary circumstances" that more than excuse Plaintiff's neglecting to file her objections on time. *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989).

Accordingly, the Court will accept Plaintiff's late-filed objections. Plaintiff's motion for an extension (Doc. 76), and her substantially identical motion to continue (Doc. 77), are therefore **DENIED** as moot.

### B. The Report and Recommendation

Proceeding in chronological order, the Court next addresses Magistrate Judge Bowman's Report & Recommendation in favor of summary judgment on all of Plaintiff's claims. As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and

6

considered *de novo* all the filings in this matter. Upon consideration of the foregoing, including Plaintiff's objections (Doc. 80), the Court finds that the Report and Recommendation (Docs. 75) should be and is hereby adopted in its entirety.

The Court denies Plaintiff's objections. Respecting Plaintiff's *pro se* status, the Court construes her objections liberally. *Bardes v. United States*, No. 1:21-CV-598, 2022 WL 714232, at *1 (S.D. Ohio Mar. 10, 2022). She raises, essentially, six specific objections.

*First,* Plaintiff objects that the Court should have considered the questionnaires she reportedly solicited from other former Black female employees of Fifth Third even though they are hearsay. (Doc. 80 at 1-2). But Judge Bowman did consider these. In addition to being inadmissible hearsay, Judge Bowman found that they "do not constitute evidence of discrimination," and "do not address the specific allegations in [Plaintiff's] complaint or her EEOC charges." (Doc. 75 at 14). The Court agrees. The questionnaires plaintiff submitted establish, at most, that other Black women at Fifth Third felt they were treated unfairly, and that they too considered filing a discrimination suit (but ultimately did not). That is not enough to raise a material dispute of fact. Taking these facts as true, they do not establish that Plaintiff *herself* suffered an adverse employment decision that was motivated by her race, nor that Fifth Third's reasons for disciplinary actions were pretextual. *White v. Baxtor Healthcare Corp.*, 533 F.3d, 384, 392 6th (Cir. 2008). To be sure, these are troubling concerns, that **Fifth Third should take seriously**, but they do not provide the Court a basis on which to deny summary judgment.

*Second*, Plaintiff asserts the Court should have considered the list Plaintiff submitted (Doc. 71-1 at 26) allegedly documenting the difference in number of promotions offered to White employees versus Non-White Fifth Third dispute resolution employees. (Doc. 80 at 4). Again, Judge Bowman did consider this evidence among the many exhibits attached to Plaintiffs opposition to the motion for summary judgment. (Doc. 75 at 14). Likewise, these exhibits, that Plaintiff apparently generated herself, do not constitute evidence of discrimination against Plaintiff; they cannot establish a genuine issue of material fact.

*Third*, Plaintiff refutes that she was at the bottom of her "stack rank" which caused her to lose shift bids, and objects that the Court should not have credited Defendant's representation that she was. (Doc. 80 at 5-6). Plaintiff cites exhibits to her opposition that, she claims, proves her scores were pretextually depressed. (Doc. 71-1 at 51-56, 88-123). The R&R, however, did not need to consider and cite every last exhibit attached to Plaintiff's opposition. *Abdulsalaam v. Franklin County Bd. of Com'rs*, 637 F. Supp.2d 561, 576 (S.D. Ohio 2009) (citing *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 379 (6th Cir. 2007)). That is especially true where Plaintiff's claim was already foreclosed. Here, all the allegedly doctored scores predate Plaintiff's 2015 EEOC complaint. (Doc. 61-4). In that complaint, Plaintiff alleged that Defendants denied Black employees shift bids based on their race. Judge Bowman rightly concluded that this claim was time barred because Plaintiff waited more than a year to sue on those claims. (Doc. 75 at 13). Thus, even if the scores were changed, they could not raise a triable issue of fact.

*Fourth*, Plaintiff objects that the Court did not consider her allegations of overt racism at Fifth Third as relevant to her discrimination claims generally. *Id.* at 7-8. Plaintiff alleged that her supervisors told her, "You don't look the part," when she asked about a promotion opportunity. Plaintiff is correct that "a showing of the use of racial epithets in a work environment may create an inference that racial animus motivated other conduct as well." *Jackson v. Quanex Corp.*, 191 F.3d 647, 662 (6th Cir. 1999). But even giving Plaintiff the benefit of the doubt would not raise a *material* dispute of fact because, as Judge Bowman pointed out, Plaintiff has not suffered "a materially adverse employment action." *Taylor v. Geithner*, 703 F. 3d 328, 338 (6th Cir. 2013). Thus, even if Plaintiff's supervisors made the offensive comment, Plaintiff still would not have a *prima facie* case of discrimination or retaliation.

*Fifth,* Plaintiff raises that the Court should have considered Plaintiff's evidence that Defendant's reasons for disciplinary actions against her were pretextual. *Id.* at 9-10. Under the *McDonnell Douglas* framework, however, that burden never shifted to Plaintiff. *See McDonnell Douglas v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817 (1973). Without having suffered a "materially adverse employment action," Plaintiff cannot establish her *prima facie* case of employment discrimination. *Taylor*, 703 F. 3d at 338. Thus, Judge Bowman had no obligation (or occasion) to consider such evidence.

*Sixth*, Plaintiff contends that the Court should have considered her 2015 EEOC Right to Sue letter as substantive evidence of discrimination. *Id.* at 11. Judge Bowman did consider that letter, though perhaps not for the purpose that Plaintiff would have liked. As explained in the R&R, Plaintiff had 90 days to sue on the claims raised in her

9

2015 EEOC complaint. She did not sue until February 2017. The Court must strictly enforce this statutory limit to "best guarantee … evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980). Thus, Judge Bowman was under no obligation to consider claims reflected on Plaintiff Notice of Right to Sue Letter.

Plaintiff's remaining contentions merely restate claims she made in her opposition to summary judgment without reference to the R&R. They are likewise rejected. *See, e.g., Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("A party's objections are not sufficiently specific if they merely restate the claims made in the initial petition, 'disput[e] the correctness' of a report and recommendation without specifying the findings purportedly in error, or simply 'object[] to the report and recommendation and refer[ ] to several of the issues in the case.'").

Having reviewed *de novo* the issues raised in Plaintiff's objections, the objections are **OVERRULED**. The Court is satisfied that there is nothing clearly erroneous or contrary to law on the face of the record, and **ADOPTS** Judge Bowman's recommendations. Fed. R. Civ. P. 72. Plaintiff's claims against Fifth Third Bank are dismissed.

### C. *Plaintiff's motions for amendment and an extension of discovery.*

Finally, Plaintiff filed three additional motions with her objections to the R&R. These were motions to reopen briefing on summary judgement (Docs. 81 and 82), and a motion for an extension of time to collect additional affidavits, i.e., effectively reopening discovery, (Doc. 83). These motions are **DENIED**. The Court has recounted above how

Plaintiff had ample time to pursue affidavits and fully brief her opposition to the motion for summary judgement. Plaintiff claims that she suffered an injury in February 2021 that has affected her cognition. Judge Bowman already accounted for this in granting Plaintiff an extension to her deadline to file a response to the motion for summary judgement. Indeed, Judge Bowman expressly warned the "**no further extensions of time w[ould] be granted, regardless of the reason.**" Notation Order dated May 17, 2021.

Accordingly, for the reasons stated above:

1. The Report and Recommendation (Doc. 75) is **ADOPTED**;

2. Plaintiff's objections (Doc. 80) are **OVERRULED**;

3. Plaintiff's motions for an extension of time to file her objections (Doc. 76) and for a continuance (Doc. 77) are **DENIED AS MOOT**;

4. All other motions (Docs. 81, 82, 83) are **DENIED**; and

5. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal of this Order would not be taken in good faith and therefore Petitioner is denied leave to appeal *in forma pauperis*.

The Clerk shall enter judgement accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

Date: 3/21/2022

Timothy S. Black
United States District Judge